# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. RAMIREZ, | Case No. 1:19-cv-00746-BAM (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| FORTUNE, *et al.*, | |
| Defendants. | (ECF No. 1) |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Jose A. Ramirez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on May 28, 2019. (ECF No. 1.)

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits

1

relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff alleges claims of deliberate indifference to medical care and medical malpractice because he was not properly treated by medical staff for his symptoms, which led to a severe case of Valley Fever. Plaintiff also alleges a claim of negligence arising from CDCR placing him in housing at Pleasant Valley State Prison, where inmates are most likely to get Valley Fever. (ECF No. 1.) In his complaint, Plaintiff concedes that while there are administrative remedies available at his institution and he submitted an appeal or grievance concerning the facts contained in the complaint, the process is not completed. In explanation, Plaintiff states that the "Headquartered response has taken longer than it should have." (ECF No. 1, p. 2.) Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated: **May 30, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2