# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FORTUNE, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00746-NONE-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Jose A. Ramirez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 21, 2020, the Court issued a screening order granting Plaintiff leave to file a third amended complaint within thirty (30) days.  (ECF No. 16.)  The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (Id. at 7.)

On May 1, 2020, the Court's screening order was returned as "Undeliverable, Paroled." Plaintiff timely filed a notice of change of address on June 8, 2020.  (ECF No. 17.)  The Court re-

1 served the screening order on June 9, 2020, and extended the deadline accordingly.

2 The extended deadline has expired, and Plaintiff has failed to file a third amended
3 complaint or otherwise communicate with the Court.

4 **II.    Failure to State a Claim**

5      **A.    Screening Requirement**

6 The Court is required to screen complaints brought by prisoners seeking relief against a
7 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.
8 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
9 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
10 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.
11 § 1915(e)(2)(B)(ii).

12 A complaint must contain "a short and plain statement of the claim showing that the
13 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
14 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
15 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
16 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
17 true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc.,
18 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

19 To survive screening, Plaintiff's claims must be facially plausible, which requires
20 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
21 for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S.
22 Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted
23 unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
24 plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

25      **B.    Plaintiff's Allegations**

26 Plaintiff is currently paroled in the Venice, California area.  The events in the complaint
27 are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison in
28 Coalinga, California.  Plaintiff names the following defendants: (1) Dr. Junior Fortune; and

(2) Warden Scott Frauenheim.

Plaintiff asserts a violation of his Eighth Amendment rights and alleges as follows:

> On May 17, 2018 Plaintiff was very sick and needed medical attention and Defendant Dr. Junior Fortune's failure to provide Plaintiff with proper medical attention and defendants also failure to perform appropriate diagnostic testing and prescribing inappropriate medication for the Valley Fever and did not provide Plaintiff with information about the risk of medical treatment that they can decide sensibly whether to submit to the treatment.  Now Plaintiff suffers with severe health issues and have doses of medication and suffer with life altering side-effects because of defendant's negligence and malpractice.

(ECF No. 15 at 3–4) (unedited text).  Plaintiff seeks monetary damages.

### C. Discussion

#### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link Defendant Warden Frauenheim to any asserted violations of Plaintiff's constitutional rights.  Plaintiff's second complaint does not include any allegations identifying any affirmative action or omission on the part of Defendant Warden Frauenheim.  Plaintiff cannot simply allege that "defendants" failed to provide him with appropriate medical care.

///

3

Insofar as Plaintiff is attempting to assert a claim against Defendant Warden Frauenheim based on his supervisory role, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions or omissions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977; accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's second amended complaint does not include allegations linking Defendant Warden Frauenheim to any constitutional violation nor does it include allegations that Defendant Warden Frauenheim implemented a deficient policy.

**2.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened,

when it happened, or who was involved. General assertions regarding the failure of defendants to provide him with proper medical care are not sufficient.

### 3. Eighth Amendment – Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

///

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's second amended complaint does not state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  According to the allegations, Plaintiff contends that Defendant Fortune was negligent and committed malpractice. Neither negligence nor medical malpractice will support a claim for deliberate indifference to serious medical needs under the Eighth Amendment.

Further, in an apparent effort to state a claim, Plaintiff has omitted exhibits attached to his first amended complaint that indicate he received an evaluation for his Valley Fever on multiple occasions, including repeated lab tests.  However, Plaintiff refused treatment and medications for several months.  (ECF No. 12 at 34, 50.)  These exhibits undermine Plaintiff's allegations that he did not receive proper treatment for his condition.  Plaintiff cannot simply omit allegations or exhibits in order to state a cognizable claim for relief.

**III.    Failure to Prosecute and Failure to Obey a Court Order**

    **A.    Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

6

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's third amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's April 21, 2020 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

for failure to state a claim. (ECF No. 16, p. 7.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Though Plaintiff has paid the filing fee and may be able to afford monetary sanctions, such lesser sanctions, including the preclusion of evidence or witnesses, is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV. Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 23, 2020**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE